Matter of Bowden v Tingling (2022 NY Slip Op 03437)





Matter of Bowden v Tingling


2022 NY Slip Op 03437


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 260172/19 Appeal No. 16004-16004A Case No. 2020-03542, 2021-01123 

[*1]In the Matter of Monique T. Bowden, Petitioner-Appellant,
v
Aija Tingling, etc., Respondent-Respondent.


Orrick, Herrington & Sutcliffe LLP, New York (Edmund R. Hirschfeld of counsel), for appellant.
Letitia James, Attorney General, New York (Grace X. Zhou of counsel), for respondent.



Judgment (denominated an order), Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about June 2, 2020, which denied as moot the petition to compel respondent to comply with the obligations set forth in Family Court Act § 439(e), and dismissed the proceeding brought pursuant to CPLR article 78, with leave to file an application for attorneys' fees, unanimously affirmed, without costs. Judgment (denominated an order), same court (Kim Adair Wilson, J.), entered on March 22, 2021, denying petitioner's application for attorneys' fees, unanimously affirmed, without costs.
The petition to compel respondent to comply with the obligations set forth in Family Court Act § 439(e) was properly denied as moot. It is undisputed that petitioner received a ruling on her objections after her petition was served, thereby rendering her request for mandamus relief moot.
Contrary to petitioner's assertion, this case does not present an exception to the mootness doctrine. An exception to the mootness doctrine applies when there is "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Here, petitioner established a likelihood of repetition on the issue of whether the Family Court has violated Family Court Act § 439(e)'s obligations by not issuing a decision on the objections within the 15-day deadline. However, this Court explicitly held that Family Court Act § 439(e) "is mandatory insofar as it plainly states that the court 'shall,' within 15 days of an objection to a support award being fully submitted, issue a ruling on it" (Matter of Liu v Ruiz, 200 AD3d 68, 73-74 [1st Dept 2021]). Therefore, the petition is no longer one that raises a substantial and novel issue or one that raises a phenomenon which evades review.
Petitioner's application for attorneys' fees was also properly denied because she is not a prevailing party. Pursuant to CPLR 8601(a), a court shall award to a "prevailing party," other than the state, "fees and other expenses incurred by such party in any civil action brought against the state," unless the court finds that the state's position was "substantially justified" or that "special circumstances make an award unjust." Under the "catalyst theory," which expands the traditional meaning of a "prevailing party," the petitioner or plaintiff in a proceeding or action against the State is considered to have prevailed for purposes of collecting counsel fees if commencement of the litigation "catalyzed" the State into "voluntarily offering to [her], in substantial part, the relief that [she] was seeking" (Matter of Liu, 200 AD3d at 70). Although the federal courts and other Departments have explicitly rejected the catalyst theory, this Court has recently confirmed that the [*2]catalyst "theory remains the law of this Department" (id. at 75).
Petitioner has not established that she is a "prevailing party" under the catalyst theory as she has not demonstrated that it was her petition that caused respondent to issue a ruling regarding her objections. Although the petition was served on the same day that respondent rendered the decision on petitioner's objections, such timing, by itself, is not prima facie evidence of a causal link. Respondent issued a comprehensive decision within hours of being served with the petition for mandamus relief, which shows that respondent was already engaged in efforts to resolve petitioner's objections and that the petition was not the catalyst for the issuance of the decision. Indeed, there is no evidence that respondent knew in advance of issuing the decision that petitioner had filed the petition for mandamus relief and petitioner has not demonstrated that the timing of respondent's decision was anything other than a coincidence.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022